UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RINCON,<br><br>    Petitioner,<br><br>    v.<br><br>M.E. SPEARMAN,<br><br>    Respondent. | Case No. 15-cv-03779-JD<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 9 |

Jose Rincon, a pro se state prisoner, has brought a habeas petition under 28 U.S.C. § 2254 challenging his 2012 gang validation as a Mexican Mafia gang member while in prison. Respondent has filed a motion to dismiss on the grounds that the petition is barred by the statute of limitations. Rincon has filed an opposition. The motion is granted.

**LEGAL STANDARD**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a statute of limitations on petitions for writs of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. §

2244(d)(2). The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Section 2244's one-year limitations period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges a pertinent administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). For prisoners challenging administrative decisions, such as the revocation of good-time credits or the denial of parole, § 2244(d)(1)(D) applies and the one-year limitations period begins to run on the date the administrative decision becomes final. *See id*. at 1066 (limitations period began to run the day after prisoner received timely notice of the denial of his administrative appeal challenging disciplinary decision); *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when BPT denied prisoner's administrative appeal challenging the BPT's decision that he was unsuitable for parole). The "factual predicate" of such habeas claim is the administrative appeal board's denial of the administrative appeal; it is not the denial of the state habeas petition. *See id*. at 1082; *Mardesich v. Cate*, 668 F.3d 1164, 1172 (9th Cir. 2012). A prisoner challenging an administrative decision does, however, receive statutory tolling for the period when state habeas petitions are pending. *See Redd*, 343 F.3d at 1084.

## DISCUSSION

The Court finds that August 1, 2012, the date of the final denial of Rincon's administrative appeal, constitutes the factual predicate for the claim in this case. Motion to Dismiss ("MTD"), Ex. 1 at 42-43. Therefore, § 2244(d)'s one-year limitations period began running the next day and expired on August 1, 2013. Rincon did not file this federal petition until August 12, 2015.[1] Docket No. 1 at 62. The petition is untimely by approximately two years unless petitioner can show that he is entitled to tolling.

---

[1] The Court applies the mailbox rule to all of petitioner's habeas filings in state court and in this Court. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

2

Rincon filed the following habeas petitions in state court:

- Riverside County Superior Court: Filed on April 9, 2013,[2] denied on April 25, 2013. MTD, Ex. 1 at 29, Ex. 2 at 17.
- California Court of Appeal: Filed on February 4, 2014, denied on February 25, 2014. MTD, Ex. 2 at 15; Petition at 21.
- California Supreme Court: Filed on March 19, 2014, denied on September 10, 2014. *In re Jose Rincon,* S217245 (Cal. Sept. 10, 2014); Petition at 19.

The federal petition was filed on August 12, 2015.

Assuming that Rincon is entitled to statutory tolling while the state petitions were pending, this federal petition is still untimely. Rincon waited approximately eight months after the final denial of the administrative appeal, on August 1, 2012, before filing his petition in Riverside County Superior Court, on April 9, 2013. He is not entitled to tolling for this period. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (statute of limitations is not tolled from the time a final decision is issued to the time the first state collateral challenge is filed because there is no case "pending" during that interval) *overruled on other grounds*. Rincon then waited more than nine months after the denial by the superior court, on April 25, 2013, before filing his next petition in the California Court of Appeal, on February 4, 2014. He is not entitled to tolling for this nine-month period. The Ninth Circuit has held that unexplained, and hence unjustified, delays of 115 and 101 days between California habeas petitions were not reasonable. *See Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010); *see also Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (finding delay of 146 days between successive petitions not reasonable, so later petition not "timely filed"); *Waldrip v. Hall*, 548 F.3d 729, 735-36 (9th Cir. 2008) (holding delay of at least eight months not "reasonable" and thus not subject to tolling).

Assuming that Rincon is entitled to tolling for the time between the denial of his petition to the California Court of Appeal and the filing of the California Supreme Court petition and while

---

[2] Rincon argues that he filed a petition with the Riverside County Superior Court in February 2013, that was denied on March 1, 2013, because the proper party was not served. Opposition at 3, Opposition, Ex. A. He then re-filed the petition on the date above.

3

the California Supreme Court petition was pending, he still waited approximately eleven months from the denial of the California Supreme Court petition, on September 10, 2014, and the filing of this federal petition, on August 12, 2015. There is no tolling for this time period because there was no case pending.

More than two years of non-tolled time passed from the commencement of the statute of limitations to the filing of the federal petition. Even liberally construing Rincon's opposition and providing additional tolling, the petition is still untimely. Rincon first argues that he filed the first Riverside County Superior Court petition in February 2013, though he does not provide a date or any evidence to support a specific date. Assuming that it was filed on February 1, 2013, and tolling was appropriate, Rincon would only receive an additional nine weeks of tolling, but the petition is two years late. He also states that he was transferred to a new prison on December 30, 2014, and was not released to general population until January 10, 2015.[3] Opposition at 4. Providing Rincon an extra 11 days of tolling would still not make this petition timely. Rincon also argues that he should receive statutory tolling during the time from the denial by the state courts to when he received notice in the mail that the petitions were denied. He provides no case law to support this extra tolling. Even if Rincon were to receive this additional tolling, the petition is still untimely.

He also argues that he is not knowledgeable about the law or court procedures and had to rely on other prisoners for help. This is not sufficient to warrant equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *Martinez v. Ryan*, 133 F. App'x 382, 383 (9th Cir. 2005) (limited education, reliance on other prisoners to file petition, and lack of access to legal materials and assistance due to custody status do not constitute extraordinary circumstances). Rincon also states there were several lock-downs that impeded his access to other prisoners who were helping him, yet he provides no specific dates or evidence to support these allegations.

---

[3] Rincon states he was released to general population on January 10, 2014, but this appears to be a typographical error.

4

Rincon has failed to justify tolling for the several large periods of time inlcuding the nearly one year delay between the denial by the California Supreme Court and the filing of the federal petition. Thus, this petition is untimely by more than two years.

## CONCLUSION

1. Respondent's motion to dismiss (Docket No. 9) is **GRANTED** and this case is **DISMISSED** and closed.

2. A certificate of appealability ("COA") will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court declines to issue a COA regarding the procedural holding or the underlying claim of the petition.

**IT IS SO ORDERED.**

Dated: May 23, 2016

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RINCON,<br><br>    Plaintiff,<br><br>    v.<br><br>M.E. SPEARMAN,<br><br>    Defendant. | Case No.   15-cv-03779-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 23, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Rincon ID: K-02465
CTF-Central/CW-334-Low
P.O. Box 689
Soledad, CA 93960

Dated: May 23, 2016

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO